**FILED**
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 12:22 pm, Sep 07, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | |
| LOLA M. WALTOWER and | ) | Number <u>08-12867</u> |
| SIDNEY WALTOWER, JR., | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |

## **OPINION AND ORDER**

The matter before me is a motion for relief from stay filed by John and Debra Sullivan ("Movants") seeking confirmation that the automatic stay is no longer in effect pursuant to 11 U.S.C. §362(j) as to certain real property surrendered in the chapter 13 case of Lola M. Waltower and Sidney Waltower, Jr. ("Debtors").[1]  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G) and the Court has jurisdiction pursuant to 28 U.S.C. §1334.  For the following reasons, pursuant to 11 U.S.C. §362(j), this order confirms that the automatic stay has been terminated relative to the property known as 2930 Jefferson Street, Augusta, Richmond County, Georgia ("the Property").

---

[1] At the hearing and in the post-hearing briefs, the Court was informed Mr. Sidney Waltower, Jr. passed away on April 20, 2012. Dckt. No. 59, Letter Brief on Behalf of Lola M. Waltower, p. 1. The Clerk's office is directed to issue a Notice of Suggestion of Death as to Mr. Waltower.

AO 72A
(Rev. 8/82)

## FINDINGS OF FACT

On December 19, 2008, Debtors filed for relief under chapter 13 of the Bankruptcy Code. Debtors' chapter 13 plan was confirmed on March 10, 2009. Wachovia Bank, NA, ("Wachovia") is the holder of a Security Deed securing the Property. Wachovia was granted relief from the automatic stay on April 23, 2009. Dckt. No. 37, Consent Order. Under the terms of the confirmed plan, Debtor surrendered the Property in full satisfaction of the debt to Wachovia. Dckt. No. 8, Plan and Dckt. No. 34, Order Confirming Plan.

The Movants live next door to the Property. Approximately 3 years ago, Debtors surrendered the Property to Wachovia in full satisfaction of the debt. However, Wachovia has not foreclosed. Post-confirmation, the Property has been exposed to vandalism resulting in the removal of the HVAC system, storm windows, and other portions of the structure. One very important fact is that Movants' desire to pursue a post-petition nuisance claim and are not seeking to collect a pre-petition debt.

## CONCLUSIONS OF LAW

Pursuant to 11 U.S.C. §362(j), Movants seek confirmation that the automatic stay has been terminated as to the Property so that they may pursue appropriate legal remedies.

AO 72A
(Rev. 8/82)

Section 362(j) provides: "On request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated." 11 U.S.C. §362(j). A §362(j) motion is only appropriate where relief from the stay was granted under 11 U.S.C. §362(c) and does not provide any additional substantive rights. In re Hill, 364 B.R. 826, 829 (Bankr. M.D. Fla. 2007) (characterizing section 362(j) orders as "comfort orders," issued only on grounds provided under 11 U.S.C. §362(c)); In re Buchheit, 2009 WL 5227664 (Bankr. S.D. Ga. March 11, 2009)(same). The pertinent section, for purposes of this analysis is 11 U.S.C. §362(c)(1) which states that the stay against property of the estate terminates when the property is no longer part of the bankruptcy estate. 11 U.S.C. §362(c)(1).

The order granting Wachovia relief from the automatic stay entitled Wachovia to realize its security interest; however, it did not remove the Property from the bankruptcy estate. See In re Ridgemont Apartment Assocs., 105 BR 738, 741 (Bankr. N.D. Ga. 1989)(relief from stay not equivalent to abandonment); In re Hernandez, 1996 WL 33401178 *5 (Bankr. S.D. Ga. Jan. 30, 1996); In re Remington Forest, 1996 WL 33340744 *6 (Bankr. D.S.C. June 18, 1996); In re Young, 2012 WL 1189900 *5 (Bankr. S.D. Miss. April 9, 2012).

3

Movants argue the Property is no longer property of the estate as the Property revested in Debtors at confirmation. Confirmation occurred March 10, 2009. Debtors' plan surrendered the Property to Wachovia in full satisfaction of the debt. "Surrender of collateral for a debt pursuant to a confirmed Chapter 13 plan does not constitute an abandonment of the property so as to eliminate the bankruptcy estate's interest in the property." In re Gelibert, No. 08-84618, 2010 WL 2026520 (Bankr. N.D. Ga. Mar. 1, 2010); see also In re Arsenault, 456 B.R. 627, 629-30 (Bankr. S.D. Ga. 2011) (finding that surrender does not transfer title out of the Debtor's name) aff'd Arsenault v. JP Morgan Chase Bank, N.A., Civ. Action No. CV 311-106 (S.D. Ga. August 30, 2012).

With this background, the next consideration is the confirmation order. Section 1327(b) of the Bankruptcy Code states, "except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all property of the estate in the debtor." 11 U.S.C. §1327(b). The Eleventh Circuit interpreted 11 U.S.C. §1327(b) in the Telfair case and adopted the "estate transformation" approach for such determinations. In re Telfair, 216 F.3d 1333, 1340 (11th Cir. 2000). Under the "estate transformation" approach, confirmation

AO 72A
(Rev. 8/82)

returns all property of the bankruptcy estate to the Debtor that is not necessary for fulfillment of the confirmed plan. Id. at 1340. With the surrender, the relief from the stay and confirmation of the plan, the bankruptcy estate did not maintain an interest in the Property post-confirmation, so it is no longer under the protection of the automatic stay pursuant to 11 U.S.C. §362(c)(1). The order confirming Debtors' plan states, "[P]roperty of the estate revests in the Debtor upon confirmation pursuant to 11 U.S.C. Section 1327." Dckt. No. 34, Order Confirming Plan. Therefore, under both Telfair and the confirmation order in this case, the Property revested in the Debtors upon confirmation of the plan and is no longer property of the estate.

In response to Movants' motion, Debtors ask the Court to place the burden upon Wachovia to require it to maintain the Property once the Plan was confirmed surrendering Debtors' interest to Wachovia. However, as I have previously ruled, the act of surrender by a debtor does not create a duty of the creditor to transfer title and a debtor is not relieved of the incidents of ownership. See In re Arsenault, 456 B.R. 627, 630 (Bankr. S.D. Ga. 2011) aff'd Arsenault v. JP Morgan Chase Bank, N.A., Civ. Action No. CV 311-106 (S.D. Ga. August 30, 2012); In

AO 72A (Rev. 8/82)

re Brown, Chapter 13 Case No. 09-30701, Adv. Proceeding No. 11-03022, slip op. at *5 (Bankr. S.D. Ga. Sept. 4, 2012)(holding under Georgia law, after a debtor surrenders the property, a debtor is not relieved of the incidents of ownership until actual foreclosure or until the lender takes affirmative steps of ownership); In re Moore, Chapter 13 Case No. 10-30385, Adv. Proceeding No. 11-3012, slip op. at *6 (Bankr. S.D. Ga. Sept. 4, 2012)(same).

Debtor also contends this Court should exercise its 11 U.S.C. §105 equitable powers to protect her from having to defend this action in State court because she has done all she can do by surrendering the Property and does not have the means to defend against such a claim. Debtor argues the bankruptcy goal of a "fresh start" is thwarted if she must defend this action. For the reasons stated in Arsenault, I decline to exercise any equitable powers pursuant to 11 U.S.C. §105. See In re Arsenault, 456 B.R. at 631 aff'd Arsenault v. JP Morgan Chase Bank, N.A., Civ. Action No. CV 311-106 (S.D. Ga. August 30, 2012).

For these reasons, pursuant to 11 U.S.C. §362(j), this order confirms that under 11 U.S.C. §362(c)(1) the automatic stay

℅AO 72A (Rev. 8/82)

has been terminated relative to the Property as the Property is no longer property of the bankruptcy estate.

*Susan D. Barrett*
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 7th Day of September 2012.

AO 72A
(Rev. 8/82)